UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FROYLAN MEDINA CHIPREZ,

Plaintiff,

v.

XAVIER BECERRA, et al.,

Defendants.

Case No. 20-cv-00307-YGR (PR)

**ORDER OF PARTIAL DISMISSAL; AND DISMISSAL WITH LEAVE TO AMEND**

## I.   INTRODUCTION

On January 14, 2020, Plaintiff, a California prisoner currently incarcerated at the California Substance Abuse and Treatment Facility ("CSATF") and proceeding *pro se*, filed the above-titled civil rights action under 42 U.S.C. § 1983.  The Court has will grant Plaintiff's motion for leave to proceed *in forma pauperis* in a separate written Order.

Plaintiff's fifty-seven-page complaint raises multiple allegations with respect to events that occurred at two different prisons: Salinas Valley State Prison ("SVSP") from January 2018 through May 2018; and CSATF from May 2018 through November 2019.  The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

## II.   DISCUSSION

Plaintiff asserts multiple claims for relief against a total of twenty-four defendants, from whom he seeks both injunctive relief as well as monetary and punitive damages.  As mentioned above, the allegations in the complaint cover a span of time from January 2018 through November 2019, during which period Plaintiff was incarcerated at two different prisons.

Having reviewed the allegations in the complaint, the Court finds the following pleading deficiencies require that the complaint be DISMISSED with leave to amend.

### A.   Misjoined Claims Against CSATF Defendants

A plaintiff may properly join as many claims as he has against an opposing party.  Fed. R. Civ. P. 18(a).  Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints.

1  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner

2  improperly brought complaint raising fifty distinct claims against twenty-four defendants).

3  Further, parties may be joined as defendants only if "there is asserted against them jointly,

4  severally, or in the alternative, any right to relief in respect of or arising out of the same

5  transaction, occurrence, or series of transactions or occurrences and if any question of law or fact

6  common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a).  As a practical matter,

7  this means that claims involving different parties cannot be joined together in one complaint if the

8  facts giving rise to the claims were not factually related in some way—that is, if there was not

9  "similarity in the factual background."  *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

10  General allegations are not sufficient to constitute similarity when the specifics are different.  *Id.*

11  The court, on its own initiative, may dismiss misjoined parties from an action, and any claim

12  against a misjoined party may be severed and proceeded with separately.  Fed. R. Civ. P. 21.

13       Here, the *relevant* allegations (and the claims filed in the *proper venue*, as explained

14  below) in Plaintiff's complaint concern his claims of injury with respect to constitutional

15  violations that allegedly occurred while he was incarcerated at SVSP from January 2018 through

16  May 2018.  Based on the allegations in the complaint, the Court finds Plaintiff has improperly

17  joined the CSATF defendants, and the claims against them (that took place from May 2018

18  through November 2019), to his claims against the SVSP defendants.  Specifically, while Plaintiff

19  asserts that prison officials at SVSP and CSATF violated his constitutional rights, the allegations

20  against each group of defendants set forth distinct facts concerning alleged injuries that arose at

21  separate prisons in different time-frames.  Thus, the claims that arose at SVSP from January 2018

22  through May 2018 did not arise out of the same transaction, occurrence, or series of transactions or

23  occurrences as the claims asserted against the CSATF defendants.  Fed. R. Civ. P. 20(a).

24  Accordingly, all of the CSATF defendants, and the claims against them, will be dismissed from

25  this action without prejudice to Plaintiff's filing separate actions asserting those claims in the

26  United States District Court for the Eastern District of California, which is the proper venue for

27  claims based on acts and omissions at CSATF.

28

United States District Court
Northern District of California

2

**B.      Claims Against SVSP Defendants**

When the allegations in the complaint concerning Plaintiff's confinement at SVSP are liberally construed, Plaintiff states the following claims for relief: deliberate indifference to safety; failure to remove Plaintiff due to safety concerns; mail tampering; forgery of legal mail; failure to protect Plaintiff from harassment; failure to protect Plaintiff from being intimidated and prevented from filing a federal habeas petition; and obstruction of mail to courts.  Dkt. 1 at 5-7.[1]  Venue is proper because the events giving rise to the aforementioned claims are alleged to have occurred at SVSP, which is located in this judicial district.  *See* 28 U.S.C. § 1391(b).  Plaintiff names eight SVSP defendants in connection with the noted claims.

**1.    Exhaustion of Administrative Remedies**

A question which must be answered before Plaintiff can proceed with his claims is whether he has exhausted available administrative remedies with respect to each claim.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending.  *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective."  *Id.* at 524; *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001).  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  *Id.* at 741.  The purposes of the exhaustion

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

1   requirement include allowing the prison to take responsive action, filtering out frivolous cases and

2   creating an administrative record.  *See Porter*, 534 U.S. at 525.

3         A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no

4   exception to exhaustion applies.  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied*,

5   540 U.S. 810 (2003).  Therefore, a claim may be dismissed without prejudice if it is clear from the

6   record that the prisoner has conceded that he did not exhaust administrative remedies.  *Id.*

7         Here, the relevant claims raised in Plaintiff's complaint appear not to have been exhausted

8   through the administrative grievance procedure at SVSP.  In the "Exhaustion of Administrative

9   Remedies" section of the complaint form, Plaintiff answers "No" to the question, "[D]id you

10  present the facts in your complaint for review through the grievance procedure?"  *Id.* at 1.  He also

11  puts "N/A" next to all the levels of grievance review.  *Id.*  When asked to explain why he did not

12  present his claims for review through the grievance procedure, Plaintiff states: "Due to the severity

13  of the allegations and on-going harassment and provocation by state officials, [Plaintiff] feels it is

14  crucial and prudent for courts to know of [the] circumstances before state officials."  *Id.* at 2

15  (citing *Rodriguez v. City of L.A.*, 891 F.3d 776 (9th Cir. 2018)).

16        Accordingly, it appears that Plaintiff's relevant claims against the SVSP defendants may

17  be unexhausted and subject to dismissal.  Therefore, his complaint is DISMISSED with leave to

18  amend in order to prove that he exhausted *all* of his claims against each SVSP defendant before he

19  filed this action.  If Plaintiff did exhaust his administrative remedies with respect to any or all of

20  those claims before filing this action, he may amend his complaint to so allege, as set forth below.

21                **2.  Federal Rule of Civil Procedure 20**

22        As explained above, Plaintiff's contains multiple legal claims and names eight SVSP

23  defendants.  The complaint is extraordinary broad, and appears to touch upon everything Plaintiff

24  found objectionable during his incarceration at SVSP between January 2018 through May 2018.

25        As the Court has already determined above, the complaint alleges several claims against

26  SVSP defendants and CSATF defendants that are not properly joined under Federal Rule of Civil

27  Procedure 20(a) concerning joinder of claims and defendants.  However, even the claims against

28  the eight SVSP defendants cover a broad array of different incidents by different individuals over

the course of approximately four months.  In his Amended Complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Plaintiff may not include in a single complaint everything that has happened to him over the four-month period that he finds objectionable.  He must choose what claims he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims in his Amended Complaint, they will be dismissed.

### 3.  Rule 8

As mentioned above, Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct."  *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests."  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation and citation omitted).  A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a).  *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).  However, under section 1983, liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  As explained above, a supervisor may be liable under section 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *Redman*, 942 F.2d at 1446.  Under no circumstances is there respondeat superior liability under section 1983.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff's claims cannot proceed as pleaded because he has not directly linked *all* of the named SVSP defendants to his allegations.  Specifically, each of Plaintiff's claims is brought

against numerous defendants, some of whom either are not mentioned in his statement of facts, or are linked only in a conclusory manner to his claims. Further, some of the named SVSP defendants are supervisory officials, against whom liability is alleged solely in their respondent superior capacity, which is improper. *Id.*

### 4. Summation

In sum, even when Plaintiff's claims are liberally construed, he has failed to provide adequate information for the Court to determine whether the allegations in the complaint state cognizable claims for relief with respect to each of the eight SVSP defendants who were allegedly responsible for Plaintiff's injuries at the time he was incarcerated at SVSP. Furthermore, Plaintiff has failed to allege that he has properly exhausted his claims and that they meet proper joinder requirements. Plaintiff also has failed to provide a simple, concise, narrative that sets forth all of the injuries attributed to each individual defendant. Accordingly, Plaintiff will be given leave to file an Amended Complaint in which he clearly links each SVSP defendant to the alleged injury, or injuries, for which that SVSP defendant is alleged to be responsible. While Plaintiff must, in filing his Amended Complaint, provide sufficient information to give the SVSP defendants fair notice of the nature of the claims against them, Plaintiff need not provide a lengthy narrative with respect to each SVSP defendant to satisfy the pleading requirements of Rule 8. Instead, Plaintiff should provide a concise statement identifying each SVSP defendant and the specific action or actions the SVSP defendant took, or failed to take, that allegedly caused the deprivation of Plaintiff's constitutional rights, as well as the injury resulting therefrom. Additionally, Plaintiff should not name any SVSP defendant who is linked solely in his respondent superior capacity or against whom Plaintiff cannot allege facts that would establish supervisorial liability.

### C. Claim Against Attorney General Becerra and Other Government Lawyers

Plaintiff has named Attorney General Xavier Becerra as well as other government lawyers from the Attorney General's Office, including former Attorney General Kamala Harris and six other former and present deputy attorney generals. Dkt. 1 at 11. When sued in official and individual capacities, the Ninth Circuit has held that an attorney general or deputy attorney general has absolute immunity, except they "are not immune from any actions that are wholly unrelated to

United States District Court
Northern District of California

United States District Court
Northern District of California

1  or outside of their official duties." *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001);

2  *see also Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991) (government lawyers absolutely

3  immune for actions "intimately" or "closely" associated with judicial process). "Whether the

4  government attorney is representing the plaintiff or the defendant, or is conducting a civil trial,

5  criminal prosecution or agency hearing, absolute immunity is necessary to assure that . . .

6  advocates . . . can perform their respective functions without harassment or intimidation." *Id.*

7  (citation omitted).

8      The Court notes that it is not clear how Plaintiff's claims against the named Defendants

9  from the Attorney General's Office are linked to his relevant claims against the SVSP Defendants.

10  Thus, his claims against the named Defendants from the Attorney General's Office are dismissed

11  with leave to amend for Plaintiff to explained how they are properly joined under Federal Rule of

12  Civil Procedure 20(a) with his claims against the SVSP Defendants. If Plaintiff is able to establish

13  this, then he must identify these specific defendants from the Attorney General's Office and

14  describe how they violated his constitutional rights. If Plaintiff seeks relief against the Attorney

15  General or any of the past and former government lawyers named above, then Plaintiff must

16  demonstrate why immunity does not apply. Plaintiff should also describe where the alleged

17  incidents occurred. If these events occurred while Plaintiff has been incarcerated in CSATF, then

18  those claims will also be dismissed without prejudice to raising in the Eastern District.

19      **D.**    **Claims Against Doe Defendants**

20      Plaintiff mentions he wishes to name a number of Doe Defendants whose names he

21  apparently intends to learn through discovery. *See* Dkt. 1 at 11. Where the identity of alleged

22  defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an

23  opportunity through discovery to identify them. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.

24  1980). Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*,

25  177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, Plaintiff's claims against these Doe

26  Defendants are DISMISSED. Should Plaintiff learn the identities of the unnamed defendants, he

27  may move for leave to amend to add them as named defendants. *See Brass v. County of Los*

28  *Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

United States District Court
Northern District of California

## III.   CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.     All of the CSATF defendants, and the claims against them, are DISMISSED from this action without prejudice to Plaintiff's filing separate actions asserting those claims in the United States District Court for the Eastern District of California, which is the proper venue for claims based on acts and omissions at CSATF.

2.     Plaintiff's complaint is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise and direct** Amended Complaint which:

a.     States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

   i.     Set forth **each claim** in a separate numbered paragraph;

   ii.    Identify **each SVSP defendant** and the **specific action or actions each SVSP defendant took, or failed to take**, that allegedly caused the deprivation of Plaintiff's constitutional rights; and

   iii.   Identify the injury resulting **from each claim**;

b.     Explains how he has exhausted his administrative remedies **as to each claim** as against **each SVSP defendant** before he filed this action;

c.     Only alleges those claims that are properly joined under Rule 20(a) (concerning joinder of claims and Defendants) or, stated differently, because Plaintiff may not list everything that has happened to him over a two-year period in prison that he finds objectionable, the Amended Complaint may only allege claims that:

   i.     Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

   ii.    Present questions of law or fact common to **all SVSP defendants**;

d.     **Does not** make conclusory allegations linking each SVSP defendant by listing them as having "direct involvement" to his claims without specifying how each SVSP defendant was linked through their actions;

e.     **Does not** name any SVSP defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would

8

1  establish either supervisorial or municipal liability; and

2              f.   **Does not** name Doe Defendants.

3          3.   Plaintiff's claim against the named Defendants from the Attorney General's Office

4  are DISMISSED with leave to amend to link these Defendant to his claims of constitutional

5  violations at SVSP and to demonstrate why immunity does not apply, if applicable.

6          4.   Plaintiff's claims against the Doe Defendants are DISMISSED without prejudice to

7  Plaintiff moving for leave to amend to add them as named defendants once he learns their

8  identities.

9          5.   Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his

10 Amended Complaint as set forth above.  Plaintiff must use the attached civil rights form, write the

11 case number for this action—Case No. C 20-0307 YGR (PR)—on the form, clearly label the

12 complaint "Amended Complaint," and complete all sections of the form.  Because the Amended

13 Complaint completely replaces the original complaint, Plaintiff must include in it all the claims he

14 wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S.

15 915 (1992).  He may not incorporate material from the original complaint by reference.  If Plaintiff

16 wishes to attach any additional pages to the civil rights form, he shall maintain the same format as

17 the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies"

18 section without including a narrative explanation of each grievance filed.  **Plaintiff's failure to**

19 **file his Amended Complaint by the twenty-eight-day deadline or to correct the**

20 **aforementioned deficiencies outlined above will result in the dismissal of this action without**

21 **prejudice.**

22         6.   It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

23 informed of any change of address and must comply with the Court's orders in a timely fashion.

24 Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes

25 while an action is pending must promptly file a notice of change of address specifying the new

26 address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail

27 directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and

28 (2) the Court fails to receive within sixty days of this return a written communication from the *pro*

United States District Court<br>Northern District of California

*se* party indicating a current address.  *See* L.R. 3-11(b).

       7.     The Clerk shall send Plaintiff a blank civil rights form along with a copy of this Order.

     IT IS SO ORDERED.

Dated:  July 27, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge

cc: Blank civil rights form mailed to plaintiff. clerk