UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FROYLAN MEDINA CHIPREZ,<br>    Plaintiff,<br>  v.<br>CORRECTIONAL OFFICER FRANCO, et al.,<br>    Defendants. | Case No. 20-cv-00307-YGR (PR)<br><br>**ORDER OF PARTIAL DISMISSAL; AND DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND** |

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at the California Substance Abuse and Treatment Facility ("CSATF") and proceeding *pro se*, filed the above-titled civil rights action under 42 U.S.C. § 1983 stemming for alleged constitutional violations that took place at Salinas Valley State Prison ("SVSP"), where he was previously incarcerated. The Court has granted Plaintiff's motion for leave to proceed *in forma pauperis*. Dkt. 6.

The original complaint was dismissed with leave to amend. Dkt. 7. Thereafter, Plaintiff filed his amended complaint, which is the operative complaint in this action. Dkt. 8. When he filed his original complaint, Plaintiff had named the following Defendants: California Attorney General Xavier Becerra; Former Attorney General Kamala D. Harris; Former Senior Assistant Attorney General Julie L. Garland; Former Supervising Deputy Attorney Generals Eric A. Swenson and Robin Urbanski; Former Deputy Attorney Generals Kristine A. Gutierrez and Lynne G. McGinnis; Deputy Attorney General Heidi Salerno; SVSP Warden M. L. Muniz; and SVSP Lieutenant Poodry. He also named the following Doe Defendants at SVSP: Assistant Warden; Watch Commander; I.G.I.; Mailroom Sergeant; B-Yard Captain; and B-Yard Sergeants. Dkt. 1 at 11.[1] Lastly, Plaintiff had listed several Defendants from CSATF, who have all been dismissed from this action without prejudice to Plaintiff's filing separate actions asserting those claims in the

---

[1] Page number citations refer to those assigned by the court's electronic case management filing system and not those assigned by Plaintiff.

1 United States District Court for the Eastern District of California, which is the proper venue for
2 claims based on acts and omissions at CSATF.  Dkt. 7 at 1-2.  Plaintiff originally sought
3 injunctive relief as well as monetary and punitive damages.  *Id.* at 13.
4       In his amended complaint, Plaintiff has again named a few Doe Defendants from SVSP,
5 who he describes as follows: (1) "B-Yard 3rd Watch [Correctional Officer] that received Federal
6 Writ on 2-15-2018 SVSP B-4-127"; and (2) "[Correctional Officer] [in Administrative
7 Segregation ("Ad Seg")] Z-9 who received 4-01-2018 legal document on 3rd Watch."  Dkt. 8 at 4.
8 And Plaintiff has named the following new Defendants at SVSP: Correctional Officers Franco and
9 Carmona.  *Id.*  Therefore, since Plaintiff has not named any of the remaining named Defendants
10 from his original complaint, the Court DISMISSES without prejudice all claims against:
11 Defendants Becerra, Harris, Garland, Swenson, Urbanski, Gutierrez, McGinnis, Salerno, Muniz,
12 and Poodry.  The Court also DISMISSES without prejudice the following Doe Defendants at
13 SVSP: Assistant Warden; Watch Commander, I.G.I., Mailroom Sergeant, and B-Yard Captain;
14 and B-Yard Sergeants.
15       The amended complaint is now before the Court for review pursuant to 28 U.S.C.
16 § 1915A(a).

## II. DISCUSSION

### A. Standard of Review

19       A federal court must conduct a preliminary screening in any case in which a prisoner seeks
20 redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.
21 § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims
22 that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek
23 monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  *Pro*
24 *se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,
25 699 (9th Cir. 1988).
26       A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
27 relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell*
28 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the

1   plaintiff pleads factual content that allows the court to draw the reasonable inference that the
2   defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).
3   Furthermore, a court "is not required to accept legal conclusions cast in the form of factual
4   allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult*
5   *Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C.
6   § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution
7   or laws of the United States was violated, and (2) that the alleged violation was committed by a
8   person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.   Legal Claims

In his amended complaint, Plaintiff states the following claims involving Doe Defendants: (1) denial of access to the courts by a Doe Defendant described as "B-Yard 3rd Watch [Correctional Officer] that received Federal Writ on 2-15-2018 SVSP B-4-127" because this Doe Defendant "illegally held and forged" this legal document from February 15, 2018 until March 6, 2018, Dkt. 8 at 6; and (2) denial of access to the courts by a Doe Defendant described as "[Correctional Officer] [in Administrative Segregation ("Ad Seg")] Z-9 who received 4-01-2018 legal document on 3rd Watch" because this Doe Defendant allowed the legal document to be "ripped open by prison officials and returned to [Plaintiff] in a clear plastic bag with a notice from [the] mailroom sergeant on 4-02-2018," *id.* at 7. Plaintiff claims that "[d]ue to this abuse of authority, [his] Federal Habeas Writ was denied [as] 'untimely' (*See* Case #5:18-cv-501 Report and Recommendation, Judge Rozella A. Oliver.[)]." *Id.* at 8. Plaintiff now claims that he "does not seek monetary relief," and instead "asks this Court for an investigation on said allegations." *Id.* at 3.

Inmates have a right under the federal constitution to access the courts. The destruction or confiscation of an inmate's legal papers may violate his constitutional right of access to the courts if it causes him an "actual injury" to court access, i.e., some specific instance in which an inmate was actually denied access to the courts. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1101-03 & n.8 (9th Cir. 2011), *overruled on other grounds in Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015); *see, e.g., id.* at 1104 (allegation that defendants' actions caused several pending suits to be

1  dismissed adequately alleged an actual injury); *Vigliotto v. Terry*, 873 F.2d 1201 (9th Cir. 1989)
2  (temporary deprivation of legal materials from inmate's cell did not deprive him of meaningful
3  access to the courts). Liberally construed, Plaintiff's allegations that the aforementioned Doe
4  Defendants withheld and tampered with his legal documents appear to state a cognizable section
5  1983 claim for interfering with Plaintiff's right of access to the courts. However, regarding these
6  Doe Defendants, Plaintiff describes them but does not know their names. Dkt. 8 at 4. Although
7  the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v.*
8  *Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515,
9  518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known
10  prior to the filing of a complaint. In such circumstances, the plaintiff should be given an
11  opportunity through discovery to identify the unknown defendants, unless it is clear that discovery
12  would not uncover their identities or that the complaint should be dismissed on other grounds. *See*
13  *Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).
14  Plaintiff's amended complaint is therefore dismissed with leave to amend for Plaintiff to provide
15  to the Court the names of these Doe Defendants. Failure to do so will result in dismissal of these
16  Doe Defendants without prejudice to Plaintiff filing a new action against him or her.
17      As to the remaining named Defendants in the amended complaint—Defendants Franco and
18  Carmona—Plaintiff fails to set forth specific facts showing how each of these defendants actually
19  and proximately caused the deprivation of a federally protected right, e.g., Plaintiff mentions
20  these defendants in the list of defendants section of his complaint, but does not allege how either
21  of them actually and proximately caused the deprivation of the federally protected rights of which
22  he complains. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Nor is it clear whether
23  SVSP Librarian Colvin and the other mentioned unnamed SVSP prison staff members are
24  defendants in this action because Plaintiff did not include them in the caption or in the list of
25  defendants section of his complaint. *See Barsten v. Dep't of the Interior*, 896 F.2d 422, 423-24
26  (9th Cir. 1990) (plaintiff should be given leave to amend to name intended defendants). If
27  Plaintiff wishes to add Librarian Colvin or any of the other unnamed SVSP prison staff members
28  as Defendants, then Plaintiff must set forth specific facts showing how each of these defendants

4

actually and proximately caused the deprivation of a federally protected right, and Plaintiff must also provide to the Court the names of any of these Doe Defendants.

**III.   CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.   The Court DISMISSES without prejudice all claims against Defendants Becerra, Harris, Garland, Swenson, Urbanski, Gutierrez, McGinnis, Salerno, Muniz, and Poodry.  The Court also DISMISSES without prejudice all claims against the following Doe Defendants at SVSP: Assistant Warden; Watch Commander; I.G.I.; Mailroom Sergeant; and B-Yard Captain; and B-Yard Sergeants.

2.   The amended complaint is DISMISSED WITH LEAVE TO AMEND.  Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file a second amended complaint ("SAC") correcting the aforementioned deficiencies of his claims against Defendants, as indicated above.  In his SAC, Plaintiff needs to link each remaining named Defendant—including Defendants Franco and Carmona—to his claim by alleging facts showing the basis for liability for each individual defendant.  Plaintiff should identify each involved person by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights.  *See Leer*, 844 F.2d at 634.

In addition, Plaintiff's new allegations in his amended complaint that certain Doe Defendants tampered with his legal documents appear to state a cognizable section 1983 claim for interfering with Plaintiff's right of access to the courts.  In his SAC, Plaintiff must provide to the Court the names of the following Doe Defendants: "B-Yard 3rd Watch [Correctional Officer] that received Federal Writ on 2-15-2018 SVSP B-4-127"; and (2) "[Correctional Officer] [in Administrative Segregation ("Ad Seg")] Z-9 who received 4-01-2018 legal document on 3rd Watch."  **Failure to do so will result in dismissal of these Doe Defendants without prejudice to Plaintiff filing a new action against him or her.**

3.   Plaintiff must use the attached civil rights form, write the case number for this action—Case No. 20-cv-00307-YGR (PR)—on the form, clearly label it "Second Amended Complaint," and complete all sections of the form.  Because this SAC completely replaces the

original and amended complaints, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). He may not incorporate material from the original and amended complaints by reference. He must also specify whether he exhausted or was prevented from exhausting his administrative remedies with respect to any or all of those claims before filing this action. **Plaintiff's failure to file a SAC or to correct the aforementioned deficiencies by the twenty-eight day deadline will result in the dismissal of this action without prejudice.**

4. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

IT IS SO ORDERED.

Dated: January 13, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

6