United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FROYLAN MEDINA CHIPREZ,
Plaintiff,

v.

M. ADAME,
Defendant.

Case No. 20-cv-00307-YGR (PR)

**ORDER OF DISMISSAL**

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at the California Substance Abuse and Treatment Facility ("CSATF") and proceeding *pro se*, filed the above-titled civil rights action under 42 U.S.C. § 1983 stemming for alleged constitutional violations that took place at Salinas Valley State Prison ("SVSP"), where he was previously incarcerated. Plaintiff has been granted leave to proceed *in forma pauperis*. Dkt. 6.

The operative complaint is the fourth amended complaint ("4AC"). Dkt. 21.

Venue is proper because the events giving rise to plaintiff's claims are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

The 4AC is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

## II. BACKGROUND

In its July 7, 2022 Order, the Court outlined the defendants who plaintiff named in his previous complaints, and it also included the following background on his claims:

> The original complaint was dismissed with leave to amend. Dkt. 7. Thereafter, plaintiff filed his amended complaint. Dkt. 8. When he filed his original complaint, plaintiff had named the following defendants: California Attorney General Xavier Becerra; Former Attorney General Kamala D. Harris; Former Senior Assistant Attorney General Julie L. Garland; Former Supervising Deputy Attorney Generals Eric A. Swenson and Robin Urbanski; Former Deputy Attorney Generals Kristine A. Gutierrez and Lynne G. McGinnis; Deputy Attorney General Heidi Salerno; SVSP Warden M. L. Muniz; and SVSP Lieutenant Poodry. He also named the following doe defendants at SVSP: Assistant Warden; Watch Commander; I.G.I.; Mailroom Sergeant; B-Yard Captain; and B-Yard Sergeants. Dkt. 1 at 11.[FN 1] Lastly, plaintiff had listed several

defendants from CSATF, who have all been dismissed from this action without prejudice to plaintiff's filing separate actions asserting those claims in the United States District Court for the Eastern District of California, which is the proper venue for claims based on acts and omissions at CSATF. Dkt. 7 at 1-2. Plaintiff originally sought injunctive relief as well as monetary and punitive damages. *Id.* at 13. As mentioned above, the Court dismissed the complaint with leave to amend. *See* Dkt. 7.

[FN 1:] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by plaintiff.

In his amended complaint, plaintiff again named a few doe defendants from SVSP, who he described as follows: (1) "B-Yard 3rd Watch [Correctional Officer] that received Federal Writ on 2-15-2018 SVSP B-4-127"; and (2) "[Correctional Officer] [in Administrative Segregation ("Ad Seg")] Z-9 who received 4-01-2018 legal document on 3rd Watch." Dkt. 8 at 4. And plaintiff also named the following defendants at SVSP: Correctional Officers Franco and Carmona. *Id.* Therefore, in its January 13, 2021 Order, because plaintiff did not name any of the remaining named defendants from his original complaint, the Court dismissed without prejudice all claims against defendants Becerra, Harris, Garland, Swenson, Urbanski, Gutierrez, McGinnis, Salerno, Muniz, and Poodry. Dkt. 9 at 2. The Court also dismissed without prejudice the following doe defendants at SVSP: Assistant Warden; Watch Commander, I.G.I., Mailroom Sergeant, and B-Yard Captain; and B-Yard Sergeants. *Id.* The Court then dismissed the amended complaint with leave to amend. *Id.* at 3-5.

In his SAC, plaintiff named four defendants. Dkt. 17 at 2. He again named defendants Franco and Carmona from his amended complaint. *Id.* He also again named SVSP Lieutenant Poodry, who he had named in his original complaint. *Id.* And he added one new defendant: SVSP Officer M. Adame. *Id.* In an Order dated January 13, 2022, the Court listed the claims in the SAC as follows:

> In his SAC, plaintiff alleges that that (1) on March 6, 2018, defendant Adame "sent out [plaintiff's] 2-15-2018 legal mail," which was "nineteen days after it was handed over to B yard Building 4 3rd watch officer John Doe," and the Court "denied [his] habeas, ruling it 'untimely,'" Dkt. 17 at 5; (2) on an unknown date, plaintiff asked defendant Franco to pick up [his] legal mail as defendant Franco was picking up mail and legal mail on numerous occasions," but defendant Franco "refused to pick up [plaintiff's] legal mail," *id.* at 6; (3) on April 2, 2018, defendant Carmona "returned ripped opened 4-01-2018 legal mail," told plaintiff to "re-package and send [it] back out," and then refused to pick up plaintiff's legal mail, which was sent out on April 3, 2018 by another officer, *id.* at 7; and (4) on March 3, 2018, plaintiff requested to be removed by B-yard at SVSP due to "safety concerns," and while plaintiff awaiting removal, defendant Poodry stated "send him back he does not even have a scratch on him," *id.* at 8.

> Dkt. 18 at 4.
>
> The Court dismissed plaintiff's claims in the SAC with leave to amend because they violated Federal Rule of Civil Procedure 20, which requires that a plaintiff cannot assert unrelated claims against different defendants. *Id.* at 3-4. The Court noted that his claims in the SAC
>
> > involving the four defendants committing different acts at different times during three-month time frame (from February 2018 through April 2018), [were] unrelated by act or law. As plaintiff has been warned before, such claims run afoul of Federal Rule of Civil Procedure 20. Nowhere does plaintiff attempt to link these disparate events, and thus he does not justify the inclusion of these disparate claims in one action.
>
> *Id.* at 4-5. Thus, the Court further found that "Claim 1, which is the earliest in time in February 2018, may not proceed as alleged because plaintiff has not stated a cognizable claim for relief, but it may eventually go forward if plaintiff cures certain deficiencies." *Id.* at 5.
>
> The Court instructed as follows:
>
> > [P]laintiff will be given an opportunity to cure the aforementioned deficiencies to Claim 1 by way of a filing a third amended complaint, as directed below. All the remaining claims—Claims 2 through 4 against defendants Franco, Carmona and Poodry—are DISMISSED without prejudice to plaintiff bringing them in separate actions, either in state or federal court.
>
> *Id.* at 7.

Dkt. 20 at 1-3.

In plaintiff's third amended complaint ("TAC"), he alleged that defendant Adame denied plaintiff meaningful access to the courts by causing a nineteen-day delay of mailing plaintiff's "Federal Writ." Dkt. 19 at 6. Plaintiff included the following background relating to Claim 1 taken from the Court's July 7, 2022 Order, which states:

> On 2-15-2018, Petitioner handed his completed Federal Writ to a[n] SVSP Facility B. Building 4, Third Watch Staff, he was a white American who I will refer to as: C.O. John Doe.
>
> The Federal Writ, Case No.: cv 501AGRA0, was handed to C.O. John Doe on 2-15-2018, at that moment, Staff was required by Departmental Procedures, to search the envelope/mail contents then, watch as the envelope is sealed, then, Staff is required to place his signature along with the date on the back of the outgoing "Legal Mail."
>
> However, somehow, the Federal Writ, which was being mailed to a

> Federal Address, of a Federal Court, was mail to the Federal District Court, 19 days later by M. Adame, without a notice explaining the abnormal delay?
>
> The Federal Writ is required by Law, State and Federal Law, to be sent out without unexplained unlawful delays[.] Staff are prohibited from tampering with the contents within the Writ, nor are they allowed to tamper with forgering [sic] with signatures and handwritten dates on the back of the "Legal Mail."
>
> The SVSP Administration, and the Correctional Staff assigned to perform their lawful duties within B Facility and the Mail Room, have no authority, nor lawful reason, to maliciously withhold [plaintiff's] valid Federal Writ, which includes his assertion of innocence, and his due diligence in redressing a grievance that is unjustly restraining his Liberty Interest . . . .

Dkt. 20 at 5 (citing at Dkt. 19 at 6-7 (brackets added)).[1] However, the Court concluded that plaintiff "**does not elaborate in the body of the complaint about how he was injured by the delayed mailing.**" *Id.* (citing Dkt. 19 at 4-9) (emphasis in original). The Court determined that "even after amending Claim 1 in his TAC (i.e., he has since clarified that the delayed legal mail was his "Federal Writ"), **plaintiff still fails to provide enough information to show that it was defendant Adame's actions that interfered with plaintiff's ability to petition the government.**" *Id.* at 7 (emphasis in original). The Court further pointed deficiencies in his TAC and noted as follows:

> Even liberally construed, his allegations appear to show only a temporary delay in plaintiff's mail, which is insufficient to state a claim for relief under Section 1983 for a violation of his First Amendment rights. *See Smith* [*v. Maschner*], 899 F.2d [940,] 944 [(10th Cir. 1990)]. The Court finds that the current allegations referenced from the TAC are insufficient to show actual injury as plaintiff has failed to state facts showing how defendant Adame's nineteen-day delay of sending out the "Federal Writ" prevented plaintiff from meeting a court deadline. *See* Dkt. 19 at 6-7, 10. Plaintiff's conclusory allegation that this referenced delay led to his "Federal Writ" to be "untimely," *id.* at 10, is insufficient to show defendant Adame's liability. The Court further notes that plaintiff has

[1] The Court further noted that plaintiff also included unrelated allegations pertaining to alleged claims of deliberate indifference by prison staff based on threats from another inmate named Johny Martinez. *See* Dkt. 19 at 4-9. However, the Court summarily dismissed these claims upon finding that they ran "afoul of Federal Rule of Civil Procedure 20. . . . ." Dkt. 20 at 5 fn. 2 (citing Fed. R. Civ. P. 20(a)). Thus, the Court pointed out that it would "only focus on plaintiff's allegations relating to Claim 1." *Id.*

> not provided any information about his federal habeas action, i.e., a case number or a copy of an order dismissing his "Federal Writ" as untimely.[FN 3] Therefore, plaintiff shall be given one *final* opportunity to amend this claim if he can provide such information.
>
> [FN 3:] The Court notes that the only prior habeas action plaintiff filed is Case No. 17-04829-LHK (PR), and that action was dismissed for *in forma pauperis* deficiency on October 12, 2017—four months *before* the alleged nineteen-day mail delay by defendant Adame in February 2018. *See* Dkt. 10 in Case No. 17-04829-LHK (PR). The Court's docket for Case No. 17-04829-LHK (PR) further indicates that no other filing was submitted by plaintiff after that action was closed on October 12, 2017.
>
> In amending this claim, plaintiff is advised that liability may be imposed on an individual defendant under section 1983 only if he can show that the defendant proximately caused the deprivation of a federally protected right, i.e., plaintiff's right of access to the courts. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

Dkt. 20 at 7 (brackets added). Thus, as mentioned, the Court granted plaintiff "one *final* opportunity to cure the aforementioned deficiencies to Claim 1 by way of a filing a fourth amended complaint . . . ." *Id.* (emphasis in original).

Plaintiff has since filed his 4AC. Dkt. 21. For the reasons set forth below, the Court DISMISSES the 4AC for failure to state a claim for relief.

## III. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements,

United States District Court
Northern District of California

namely that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Legal Claim – Claim 1**

The Court finds that Claim 1, which is the earliest in time in February 2018, may not proceed as alleged because, even though plaintiff was given one final opportunity to correct the deficiencies pointed out in its July 7, 2022 Order, *see* Dkt. 20 at 4-7, he has failed to do so. Thus, the 4AC will be DISMISSSED for failure to state a cognizable claim for relief. *See* Dkt. 21.

First, prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). The deliberate delay of legal mail which adversely affects legal proceedings presents a cognizable claim for denial of access to the courts. *See Jackson v. Procunier*, 789 F.2d 307, 311 (5th Cir. 1986). However, isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts do not give rise to a constitutional violation. *See Smith*, 899 F.2d at 944; *Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir.) (isolated incident of mail mishandling insufficient to state a claim under section 1983), *cert. denied*, 418 U.S. 910 (1974).

In his 4AC, plaintiff raises only Claim 1 and alleges that he was denied access to the courts. Dkt. 21 at 4-6. He appears to contend that defendant Adame's "unlawful" nineteen-day delay in mailing his federal habeas petition led to his "50 day delay in filing Federal Writ No. cv501AGRAO . . . ." *Id.* at 6. Plaintiff does not give any more details about "Federal Writ No. cv501AGRAO." *See id.* For example, he fails to state in which district it was filed or whether the case is still pending or closed, etc. *See id.*

A search of plaintiff's filings in this district using the Court's Electronic Case Filing ("ECF")[2] reveals that the only prior habeas action plaintiff filed is Case No. 17-04829-LHK (PR),

[2] ECF is the Court's filing system that allows parties to file and serve documents electronically in the Northern District.

United States District Court
Northern District of California

as mentioned in the Court's previous order. *See* Dkt. 20 at 7 at fn. 3. Again, as explained in the Court's July 7, 2022 Order, that action was dismissed based on *in forma pauperis* deficiency on October 12, 2017—four months *before* the alleged nineteen-day mail delay by defendant Adame in February 2018. *See* Dkt. 20 at 7 fn. 3 (citing Dkt. 10 in Case No. 17-04829-LHK (PR)).

A search of the Court's Public Access to Court Electronic Records ("PACER")[3] system indicates that on March 13, 2018, plaintiff filed a federal habeas petition in Case No. 18-cv-00501-AG-RAO in the Eastern Division of the United States District Court for the Central District of California. It seems that Case No. 18-cv-00501-AG-RAO is the same as "Federal Writ No. cv501AGRAO," which plaintiff refers to in his 4AC. *See* Dkt. 21 at 6. The docket indicates that the federal habeas petition in Case No. 18-cv-00501-AG-RAO was dismissed on November 30, 2018 on untimeliness grounds because the District Judge from the Central District accepted the Report and Recommendation ("Report") issued on September 18, 2018 by the Magistrate Judge from the Central District.[4] *See* Dkts. 17 & 19 in Case No. 18-cv-00501-AG-RAO. However, the record shows that the reasons why plaintiff's federal habeas was dismissed do not match up with his allegations. For example, plaintiff seems to contend that the nineteen-day delay was instrumental in his federal habeas petition's untimeliness, but the September 18, 2018 Report indicates that the Magistrate Judge from the Central District would have still found his petition to be untimely had it overlooked the nineteen-day delay by deeming the petition filed nineteen days *earlier*, i.e., on February 15, 2018, stating as follows:

> Petitioner's conviction thus became final on February 8, 2016, 90 days after the California Supreme Court denied his petition for review

[3] PACER is the system used to view case dockets and documents that have been electronically filed in all district courts across the country.

[4] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within *one year* of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

> on November 10, 2015. (Lodg. 8); *see also Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (the period of direct review for purposes of AEDPA's limitations period "includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court"); Sup. Ct. R. 13 (allowing a petition for writ of certiorari seeking review of a judgment of a state court of last resort to be filed within 90 days of the entry of judgment). The limitations period thus began to run on February 9, 2016, and expired one year later, on February 8, 2017. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (holding the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court). As a result, *Petitioner had until February 8, 2017, in which to file a timely federal habeas petition, absent statutory or equitable tolling. He did not file his federal habeas petition until March 6, 2018.[FN 4]* As discussed below, while Petitioner is entitled to some statutory tolling, it is not enough to make the Petition timely.
>
> [FN4:] *Petitioner argues that he filed his federal habeas petition on February 15, 2018, when he "mailed [it] out." (Opp. at 5, Exh. 4 at 3.) Even if the Court were to assume this were true, the Petition would be untimely.*

Dkt. 17 at 5 & fn. 4. Furthermore, the District Judge from the Central District noted in the November 30, 2018 Order accepting the Report that plaintiff had "made new factual assertions . . . in support of his argument that the Petition [was] timely because it was filed on February 15, 2018." Dkt. 19 at 1 in Case No. 18-cv-00501-AG-RAO (citing Dkt. No. 18). However, the District Judge "decline[d] to consider the new assertions and evidence offered in Plaintiff's Objections." *Id.* He relied on the Magistrate Judge's findings in the Report, stating as follows: "In any event, the Court notes that the Report found that the Petition is untimely even if the Court were to assume a filing date of February 15, 2018, which is the gravamen of Petitioner's contention." *Id.* at 2. Thus, it is clear from the record that the alleged nineteen-day delay was not the reason why plaintiff's federal petition was dismissed as untimely.

Plaintiff also appears to contend that his federal habeas petition was hampered by SVSP officials limiting his access to the law library, but the Magistrate Judge from the Central District rejected such an argument and found that plaintiff

> failed to explain how any restrictions on his law library access made it impossible for him to seek federal habeas relieve on a timely basis. Further, given that [plaintiff's] state habeas petitions and his federal Petition raise the same claims, the Court is at a loss to see how any extraordinary circumstances made it impossible for him to timely file the federal Petition.

*Id.* at 9.

As such, Claim 1 must be dismissed because plaintiff suffered no actual injury as a result of defendant Adame's alleged nineteen-day interference with plaintiff's right of access to the courts. A constitutional right of access to the courts does exist, but to establish a claim for any violation of the right of access to the courts, the prisoner must show that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 355. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable even to file a complaint. *See id.* at 351.

Here, no actual injury has occurred based on the alleged actions of defendant Adame as the record shows that plaintiff's federal habeas petition was *not* dismissed as a result of the nineteen-day delay in the mail at SVSP. Indeed, the Magistrate Judge from the Central District even stressed that statutory tolling[5] still did not save the petition from being untimely, noting that plaintiff waited to begin collateral review[6] by filing his state habeas petition in the state superior court on January 13, 2017, which was "eight days before the expiration of the AEDPA limitations period." *See* Dkt. 17 at 6 in Case No. 18-cv-00501-AG-RAO; *see also* 28 U.S.C. § 2244(d)(2) (Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.) Thus, it was *plaintiff* who was responsible

---

[5] The one-year statute of limitations is statutorily tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

[6] The phrase "collateral review" in section 2244(d)(2) means judicial review of a judgment in a proceeding that is not part of direct review. *Wall v. Kholi*, 562 U.S. 545, 556 (2011) (holding that motion to reduce sentence under Rhode Island law tolls the limitations period because it is not part of the direct review process); *see also id.* at 559-60 (listing other types of "collateral review").

for delaying the commencement of filing any application for collateral review for almost a full year (eight days short of a year to be exact). *See* Dkt. 17 at 6 in Case No. 18-cv-00501-AG-RAO. Thus, the record shows he only had eight days left of the limitations period when the state superior court issued its denial on April 6, 2017. *See id*. The Magistrate Judge from the Central District determined that "[o]n April 7, 2017, the limitations clock began to run again, and expired eight days later, on April 14, 2017." *Id.* (footnote omitted). Said differently, it matters not that plaintiff's mail was delayed by defendant Adame for nineteen days from February 15, 2018 to March 6, 2018 because the time to file his federal petition had already expired on April 14, 2017. *Id.*

Additionally, the Magistrate Judge from the Central District found that plaintiff was not entitled to equitable tolling because not only were plaintiff claims of lack of law library access found to be unavailing (as mentioned earlier), he also "failed to show that he diligently pursued his rights." *Id.* at 10.

Because no actual injury resulted from the alleged nineteen-day delay caused by defendant Adame, plaintiff's claim for denial of access to the courts (Claim 1, the only remaining claim in this action) is DISMISSED without any further leave to amend, especially in light of the several chances plaintiff has been granted to amend his claims.

Accordingly, the 4AC is DISMISSED for failure to state a cognizable claim for relief.

## IV. CONCLUSION

For the foregoing reasons, the Court DISMISSES the 4AC for failure to state a cognizable claim for relief and without any further leave to amend.

The Clerk of the Court shall terminate all pending motions as moot and close the file.

IT IS SO ORDERED.

Dated: October 12, 2022

JUDGE YVONNE GONZALEZ ROGERS
United States District Judge